1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

IVORY LEWIS DOWNS, JR,

No.  2:22-cv-1021 AC P

12

Plaintiff,

13

v.

ORDER

14

M. JIMINEZ et al.,

15

Defendants.

16

17

     Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18

state tort law, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19

    I.      Application to Proceed In Forma Pauperis

20

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21

§ 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

22

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23

§§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27

of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3       II.        Statutory Screening of Prisoner Complaints

4           The court is required to screen complaints brought by prisoners seeking relief against "a

5  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1    R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4    <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8    <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11       III.    <u>Complaint</u>

12        The complaint sets forth nine separate claims for relief and alleges that defendants

13   Humphers, Lynch, Bergado, Houghland, Jiminez, Tuyen, Gonzalez, Bowman, Romney,

14   Stanfield, Williamson, Hood, Tyler, Miciel, California Department of Corrections and

15   Rehabilitation (CDCR), and State of California, as well as an unspecified number of Doe

16   defendants, violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments and

17   state tort law.  ECF No 1.  Defendants are sued in their official and individual capacities.  <u>Id.</u> at 3-

18   4.

19        Plaintiff alleges that on August 7, 2020, defendants Jiminez, Gonzalez, Tuyen, Bowman,

20   and Humphers assaulted him while he was handcuffed and in leg shackles.[1]  <u>Id.</u> at 5-6, 12.  He

21   specifically remembers that Jiminez "punched, slammed, kicked, and [placed] a knee . . . on [his]

22   jaw/neck area."  <u>Id.</u>  After the assault, plaintiff was placed back into the holding cell and Hood

23   ignored him when plaintiff asked to adjust his cuffs.  <u>Id.</u> at 5, 12.  As a result of the assault and

24   refusal to adjust the handcuffs, plaintiff suffered from a swollen jaw, skin missing on the side of

25   his face, cuts on his wrists, jaw derangement, and damaged nerves and tendons.  <u>Id.</u> at 5-6, 12.

26

27   _____

[1]  Although plaintiff writes that he was "racially targeted," he does not appear to be attempting to
28   bring an equal protection claim and, regardless, does not allege any facts demonstrating the
     assault was racially motivated.

Despite plaintiff's clear injuries, when Bergado—a nurse—arrived, he ignored plaintiff's injuries and falsely reported that plaintiff did not have any injures, which delayed plaintiff's ability to obtain treatment.  Id. at 6.

After the assault, plaintiff was diagnosed with internal derangement of his jaw cartilage. Id. at 11.  Medical staff then ignored the treatment plan, which was supposed to be executed in 120 days, causing him to suffer from pain, popping, and shifting, which also caused headaches. Id.  Plaintiff asserts that he did not receive treatment for seven months and that Miciel, a dentist, and "Dental doe higher ups" were responsible.  Id.

Plaintiff also appears to allege that he was written up for a disciplinary violation as a result of the assault.  Id. at 8.  Houghland conducted the disciplinary hearing, during which plaintiff was denied a witness and the use of video that proved the officers fabricated their report. Id.  In preparation for the hearing, Romney falsified the investigative report by noting the witness said "he used force."  Id.

Plaintiff further alleges that after the assault and disciplinary write up, he was subject to ongoing retaliation by various Does.  Id. at 9-10.  Doe defendants opened his legal mail, damaged and stole his television, placed him back on the yard where he was assaulted, and are hindering him from providing proof of the violations being committed.  Id.  Additionally, Lynch signed off on a grievance claiming that he snitched on an inmate, putting his safety in danger.  Id.

Finally, plaintiff alleges that on August 18, 2020, he began experiencing numbness and pain in his upper body.  Id. at 7, 13.  He notified Curtis, who is not listed as a defendant, that he was in medical distress and Curtis denied him emergency medical treatment.  Id.

IV.    Excessive Force, Failure to Protect, and Assault and Battery

Plaintiff has stated cognizable claims for excessive force and assault and battery against defendants Jiminez, Gonzalez, Tuyen, Bowman, and Humphers.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)); So v. Shin, 212 Cal. App. 4th 652, 668-69 (2013) (setting out elements for causes of action for assault and battery).  He has also stated a failure to protect claim against Hood for refusing to adjust his handcuffs.  Although plaintiff does not explicitly allege that he told Hood

1    the handcuffs were too tight, the facts are sufficient to infer that plaintiff advised Hood of this fact

2    when he "pleaded" with him to adjust the handcuffs.  See Farmer v. Brennan, 511 U.S. 825, 834

3    (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious

4    risk of harm).  Accordingly, these defendants will be required to respond to these allegations in

5    the complaint if plaintiff chooses to proceed on the complaint without amendment.

6         Plaintiff fails, however, to state a claim for assault and battery against Hood because there

7    are no facts showing that Hood did anything other than ignore plaintiff's pleas to adjust the

8    handcuffs.  See So, 212 Cal. App. 4th at 668-69 (elements of assault include "intent to cause

9    harmful or offensive contact" or threat of such contact while battery requires defendant touch

10   plaintiff or cause him to be touched with "intent to harm or offend").  He also fails to state a claim

11   for failure to protect against Lynch for signing off on a grievance response that stated plaintiff

12   was a snitch because there are no facts showing that the grievance response was provided to or

13   seen by any inmate other than plaintiff such that it would create a threat to his safety.

14        V.    Medical Deliberate Indifference and Negligence

15        Plaintiff has sufficiently alleged facts to state a claim for deliberate indifference[2] against

16   Bergado based on Bergado's refusal to treat his injuries and failure to document his injuries,

17   which delayed plaintiff's ability to obtain treatment.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th

18   Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to

19   respond to plaintiff's pain or medical need and harm cause by indifference).  Bergado will

20   therefore be required to respond to this claim.  However, plaintiff fails to state a claim for

21   deliberate indifference against Miciel because he fails to explain how Miciel was involved in the

22   denial of treatment for his jaw.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

23   ("[v]ague and conclusory allegations of official participation in civil rights violations are not

24   sufficient" (citations omitted)).  To the extent he appears to allege that Miciel was responsible in a

25   supervisory capacity, "[t]here is no respondeat superior liability under section 1983," Taylor v.

26   List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

27

28   ---
     [2] Plaintiff's only medically related state law claim is against Curtis.  ECF No. 1 at 13.

Although plaintiff has not listed Curtis as a defendant, because the complaint includes two distinctly identified claims alleged solely against this individual, it is clear that Curtis was intended as a defendant.  See ECF No. 1 at 7, 13.  The allegation that Curtis ignored plaintiff's request for medical assistance after being notified that plaintiff was in distress states a claim for relief under both the Eighth Amendment and state law.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment" (citation omitted)); Cal. Gov't Code § 845.6 (a public employee is liable for injury caused by the failure to obtain medical care "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care").

VI.    Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, the following procedural due process rights apply to prison disciplinary proceedings that include the loss of good time credits: (1) twenty-four-hour advanced written notice of the charges, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and internal quotation marks omitted); (3) an opportunity, when "not unduly hazardous to institutional safety and correctional goals," to call witnesses and present documentary evidence, id. at 566; (4) assistance at the hearing for illiterate inmates or in complex cases, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  In addition, due process requires that the finding of guilt be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Plaintiff has alleged that he lost good-time credits and was therefore entitled to the due process protections outlined in Wolff.  ECF No. 1 at 8.  However, he fails to allege sufficient facts to demonstrate that his due process rights were violated.  With respect to plaintiff's claim that he was denied a witness, he provides no facts regarding the witness's identity or expected testimony.  It is further unclear whether he requested the witness be present at the hearing and was denied or whether he was claiming he was denied a witness because the investigative reporter

incorrectly recorded his witness's statements.[3]  As to the video evidence, plaintiff's assertion that there was video of the assault appears to be based on speculation and not actual knowledge from viewing any video that may have been captured near the area of the assault.  Finally, to the extent plaintiff may be attempting to allege a violation of his Fourteenth Amendment due process rights based on any defendants' attempt cover up the excessive use of force by filing a false report, he fails to state any claim for relief.  See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations.").

VII.    Retaliation

Although plaintiff alleges that various Doe defendants took a number of retaliatory actions against him, he makes only a conclusory assertion that the conduct was because of his protected conduct and provides no facts that would support such an inference.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct); Twombly, 550 U.S. at 555 (complaint must contain more than "a formulaic recitation of the elements of a cause of action" (citation omitted)).  Plaintiff's allegations are therefore insufficient to show that any defendant's conduct was retaliatory.

VIII.    Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  Plaintiff does not make any allegations against Stanfield, Williamson, and Tyler and therefore fails to state any claims against these defendants.

IX.    Doe Defendants

The use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), though amendment is allowed to substitute true names for

---

[3] To the extent the claim is based upon the alleged misrepresentation of his witness's statements, plaintiff does not explain how they were misrepresented.

fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).  In this case, plaintiff has asserted claims against an unspecified number of Doe defendants and makes allegations against Doe defendants generally.  Because plaintiff does not identify any specific action taken by any separately identified Doe defendants, he fails to state any claims against any of them.  If plaintiff chooses to file an amended complaint in which he continues to identify Doe defendants, he must explain what each Doe defendant did and identify each Doe defendant separately (i.e., Doe 1, Doe 2, etc.).  If plaintiff successfully states a claim for relief and the defendants remain unidentified, the court will be unable to order service due to the impossibility of serving an unknown individual.  Plaintiff should therefore seek to identify the Doe defendants as soon as possible.

X.   CDCR, State of California, and Official Capacity Claims

Plaintiff does not make any allegations against the State of California and the CDCR, and therefore fails to state any claims of relief against them.  Furthermore, any claims against California and the CDCR, which is an arm of the state, are barred by sovereign immunity.  See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))); Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." (citations omitted)).

Claims for damages against state officials acting in their official capacity are similarly barred because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself."  Will, 491 U.S. at 71 (citations omitted).  To the extent plaintiff seeks injunctive relief related to his disciplinary proceedings, he has not stated any viable claims for the reasons set forth above.  With respect to plaintiff's claims for injunctive relief related to his medical care and "recurring assaults and racial targeting," he does not identify which, if any, of the defendants would be capable of providing such relief.  Nor does he allege facts demonstrating that the assaults and racial targeting are ongoing or the result of a correctable policy or failure to train or supervise.  Plaintiff therefore fails to state claims for relief against any defendant in their

1  official capacity.

2     XI.    <u>Property</u>

3        The unauthorized deprivation of property by a prison official, whether intentional or

4  negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation

5  remedy, <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984), and "California Law provides an adequate

6  post-deprivation remedy for any property deprivations," <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17

7  (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  Therefore, to the extent

8  plaintiff is attempting to state a due process claim based upon defendants damaging and stealing

9  his television, he fails to state a claim for relief.

10     XII.    <u>Leave to Amend</u>

11        For the reasons set forth above, the court finds that the complaint states individual

12  capacity claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers for excessive force,

13  assault, and battery; Hood for failure to protect; Bergado for deliberate indifference; and Curtis

14  for deliberate indifference and negligence.  The complaint does not state any other cognizable

15  claims.  However, it appears that plaintiff may be able to allege facts to remedy this and he will

16  be given the opportunity to amend the complaint if he desires.  Plaintiff may either (1) proceed

17  forthwith to serve defendants Jiminez, Gonzalez, Tuyen, Bowman, Humphers, Hood, Bergado,

18  and Curtis on his cognizable claims, or (2) he may delay serving any defendant and amend the

19  complaint.

20        Plaintiff will be required to complete and return the attached notice advising the court how

21  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

22  file an amended complaint.  If plaintiff elects to proceed on his cognizable claims against

23  defendants Jiminez, Gonzalez, Tuyen, Bowman, Humphers, Hood, Bergado, and Curtis without

24  amending the complaint, the court will proceed to serve the complaint.  A decision to go forward

25  without amending the complaint will be considered a voluntarily dismissal without prejudice of

26  all other claims and defendants.

27        If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

28  about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>,

9

1   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

2   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

3   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

4   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

5   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

6   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

7   268 (9th Cir. 1982) (citations omitted).

8           Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

9   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

10  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

12  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

13  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

14  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

15  the original complaint no longer serves any function in the case.  Therefore, in an amended

16  complaint, as in an original complaint, each claim and the involvement of each defendant must be

17  sufficiently alleged.

18      XIII.   Plain Language Summary of this Order for a Pro Se Litigant

19          Your request to proceed in forma pauperis is granted.  That means you do not have to pay

20  the entire filing fee now.  You will pay it over time, out of your trust account.

21          Some of the allegations in the complaint state claims against the defendants and some do

22  not.  You have sufficiently alleged individual capacity claims against (1) Jiminez, Gonzalez,

23  Tuyen, Bowman, and Humphers for excessive force, assault, and battery; (2) Hood for failure to

24  protect; (3) Bergado for deliberate indifference; and (4) Curtis for deliberate indifference and

25  negligence.

26          You have not stated a claim against Hood for assault or battery because there are no facts

27  showing he intended to or threatened to touch you or touched you or caused you to be touched in

28  a harmful or offensive manner.  You also have not stated a claim for failure to protect against

10

1   Lynch because there are no facts showing any other inmate saw or was provided the grievance

2   response.  The allegations against Miciel are not sufficient to show deliberate indifference

3   because you have not explained how Miciel was involved in denying you medical care.  You have

4   not alleged enough facts to show that your due process rights were violated during your

5   disciplinary hearing because there are not enough facts about the denial of your witness or the

6   contents of the video.  The allegation that defendants falsified reports also fails to state a due

7   process claim.  Your claims of retaliation are not sufficient because you have not provided

8   specific facts showing that the conduct at issue was motivated by you filing a grievance or

9   lawsuit.  There are no allegations against Stanfield, Williamson, and Tyler and you have not

10  identified any specific action taken by any separately identified Doe defendants.  Your claims

11  against the CDCR and State of California, as well as your official capacity claims against the

12  other defendants, are barred by sovereign immunity.  Finally, there is no viable due process claim

13  for destruction or theft of your property because California provides a sufficient remedy.

14      You have a choice to make.  **You may either** (1) proceed immediately on the four

15  categories of claims against defendants Jiminez, Gonzalez, Tuyen, Bowman, Humphers, Hood,

16  Bergado, and Curtis identified above and voluntarily dismiss all other claims and defendants, ***or***

17  (2) try to amend the complaint.  If you want to go forward without amending the complaint, you

18  will be voluntarily dismissing without prejudice all other claims and defendants.  If you choose to

19  file a first amended complaint, it must include all claims you want to bring.  Once an amended

20  complaint is filed, the court will not look at any information in the original complaint.  **Any**

21  **claims and information not in the first amended complaint will not be considered.**  You must

22  complete the attached notification showing what you want to do and return it to the court.  Once

23  the court receives the notice, it will issue an order telling you what you need to do next (i.e. file

24  an amended complaint or wait for defendants to be served).

25      In accordance with the above, IT IS HEREBY ORDERED that:

26      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

27      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

28  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2   appropriate agency filed concurrently herewith.

3        3.   Plaintiff has stated individual capacity claims against (1) Jiminez, Gonzalez, Tuyen,

4   Bowman, and Humphers for excessive force, assault, and battery; (2) Hood for failure to protect;

5   (3) Bergado for deliberate indifference; and (4) Curtis for deliberate indifference and negligence.

6   The complaint does not state any other claims for which relief can be granted.

7        4.   Plaintiff has the option to proceed immediately on his cognizable claims, as set forth

8   above, or to amend the complaint.

9        5.   Within fourteen days of service of this order, plaintiff shall complete and return the

10  attached form notifying the court whether he wants to proceed on the screened complaint or

11  whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

12  will assume that he is choosing to proceed on the complaint as screened and will recommend

13  dismissal without prejudice of all claims and defendants except for the individual capacity claims

14  against (1) Jiminez, Gonzalez, Tuyen, Bowman, and Humphers for excessive force, assault, and

15  battery; (2) Hood for failure to protect; (3) Bergado for deliberate indifference; and (4) Curtis for

16  deliberate indifference and negligence.

17  DATED: April 24, 2023

18

19                                         ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

12

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   IVORY LEWIS DOWNS, JR,                No.  2:22-cv-1021 AC P

10                Plaintiff,

11        v.                              NOTICE OF ELECTION

12   M. JIMINEZ et al.,

13                Defendants.

14

15        Check one:

16   _____ Plaintiff wants to proceed immediately on his individual capacity claims against (1)

17        Jiminez, Gonzalez, Tuyen, Bowman, and Humphers for excessive force, assault, and

18        battery; (2) Hood for failure to protect; (3) Bergado for deliberate indifference; and (4)

19        Curtis for deliberate indifference and negligence without amending the complaint.

20        Plaintiff understands that by going forward without amending the complaint he is

21        voluntarily dismissing without prejudice all other claims and defendants pursuant to

22        Federal Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                     _____
                                       IVORY LEWIS DOWNS, JR,
28                                     Plaintiff pro se

                                          1