1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    IVORY LEWIS DOWNS, JR,                      No.  2:22-cv-1021 AC P

12                   Plaintiff,

13           v.                                   ORDER

14    M. JIMINEZ et al.,

15                   Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    state tort law and has filed a first amended complaint.  ECF No. 18.

19    I.     Statutory Screening of Prisoner Complaints

20          The court is required to screen complaints brought by prisoners seeking relief against "a

21    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

22    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

24    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

25          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

28    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

2

1          II.          First Amended Complaint

2                  The complaint alleges that defendants Tuyen, Humphers, Jiminez, Bowman, Gonzalez,

3    Hood, Bergado, Curtis, Houghland, Lynch, Romney, Tyler, and Tran violated plaintiff's rights

4    under the First, Eighth, and Fourteenth Amendments and state tort law.  ECF No 18.  Tran is sued

5    in his official capacity, Lynch is sued in his official and individual capacity, and all other

6    defendants are sued in their individual capacities.  Id. at 3.

7                  Plaintiff alleges that on August 7, 2020, defendants Jiminez, Gonzalez, Tuyen, Bowman,

8    and Humphers escorted him to a blind spot where they assaulted him while he was handcuffed

9    and in leg shackles.  Id. at 4-6.  During the assault they made mocking references to George Floyd

10   and the Black Lives Matter movement.  Id. at 4.  After the assault, plaintiff was placed back into

11   the holding cell and Hood ignored him when plaintiff asked to adjust his cuffs, despite the fact

12   that the handcuffs were causing plaintiff's wrists to bleed.  Id. at 5-6.  As a result of the assault

13   and refusal to adjust the handcuffs, plaintiff suffered from a swollen jaw, skin missing on the side

14   of his face, and cuts on his wrists.  Id. at 7.  Despite plaintiff's clear injuries, Bergado, a nurse,

15   refused to provide plaintiff treatment.  Id. at 7-8.

16                 On August 18, 2020, plaintiff was in medical distress and attempted to receive emergency

17   medical attention.  Id. at 9.  Defendant Curtis responded but refused to allow plaintiff to receive

18   medical treatment, which caused plaintiff to suffer unnecessary pain and his condition to get

19   worse.  Id. at 9-10.

20                 On September 11, 2020, plaintiff had a disciplinary hearing on charges of battery on a

21   peace officer that appear to be related to the incident on August 7, 2020.  Id. at 11.  Houghland

22   conducted the disciplinary hearing, during which plaintiff was denied a witness and the use of

23   video that proved the officers fabricated their report.  Id.  He was also not given a written

24   explanation as to why he was found guilty.  Id.  In preparation for the hearing, Romney "botched"

25   the investigative report to favor the officers.  Id.  Plaintiff was found guilty and spent over eight

26   months in administrative segregation.  Id.

27                 Between November 2020 and January 2021, plaintiff made numerous requests for

28   treatment of injuries he received to his wrist on August 7, 2020.  Id. at 12-13.  Tyler refused

3

1  multiple requests, including one on January 4, 2021.  Id.  When plaintiff was finally seen by

2  medical, it was determined that he required surgery.  Id.

3      Finally, plaintiff alleges that on November 20, 2020, Doe defendants damaged plaintiff's

4  television in retaliation for appeals he filed, and on April 29, 2022, his legal mail was opened

5  outside his presence.  Id. at 14-15.

6      III.    Claims for Which a Response Will Be Required

7          A.   Excessive Force and Failure to Protect

8      Plaintiff has stated cognizable claims for excessive force against defendants Jiminez,

9  Gonzalez, Tuyen, Bowman, and Humphers.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992)

10 (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)).  He

11 has also stated a failure to protect claim against Hood for refusing to adjust his handcuffs.  See

12 Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official

13 is deliberately indifferent to serious risk of harm).  Accordingly, these defendants will be required

14 to respond to these allegations in the complaint if plaintiff chooses to proceed on the complaint

15 without amendment.

16          B.   Equal Protection

17     "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment

18 from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974)

19 (citation omitted).  To state a claim for violation of the Equal Protection Clause, "a plaintiff must

20 show that the defendants acted with an intent or purpose to discriminate against the plaintiff based

21 on membership in a protected class."  Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013)

22 (citation and internal quotation marks omitted).  Plaintiff's allegations that Jiminez, Gonzalez,

23 Tuyen, Bowman, and Humphers made racist remarks during their assault on plaintiff are

24 sufficient to support an inference that these defendants' conduct was racially motivated, and they

25 will be required to respond to the complaint.

26          C.   Medical Deliberate Indifference

27     Plaintiff has sufficiently alleged facts to state claims for deliberate indifference to his

28 serious medical needs against Bergado, Curtis, and Tyler, see Jett v. Penner, 439 F.3d 1091, 1096

4

1   (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to

2   respond to plaintiff's pain or medical need and harm cause by indifference); Hutchinson v. United

3   States, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison

4   officials deny, delay or intentionally interfere with medical treatment" (citation omitted)), and

5   they will be required to respond to these claims.

6       IV.    Failure to State a Claim

7           A.   State Law Claims

8           Plaintiff has failed to state any state law tort claims because he has not alleged compliance

9   with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240,

10  1237 (2004) (for claims against the state, timely presentation of a claim under the Government

11  Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't

12  Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau,

13  board, commission or agency of the State claims against which are paid by warrants drawn by the

14  Controller").

15          B.   Due Process

16          "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

17  panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418

18  U.S. 539, 556 (1974).  However, an inmate subject to disciplinary sanctions that include the loss

19  of good time credits must receive certain procedural protections, including the opportunity to call

20  witnesses, a written statement of the reasons for the action, and assistance if he is illiterate or the

21  matter is complex.  See id. at 564, 566, 570 (outlining required procedural protections).  In this

22  case, plaintiff has not alleged the loss of any good time credits, and the Wolff court noted that its

23  decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of

24  good time would also be required for the imposition of lesser penalties such as the loss of

25  privileges."  Id. at 571 n.19.  Since plaintiff does not allege the loss of any good-time credits, he

26  may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts

27  showing that the disciplinary caused a change in confinement that "impose[d] atypical and

28  ////

5

1    significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin v.

2    O'Conner, 515 U.S. 472, 484 (1995).

3          The complaint does not specify the punishment plaintiff received, but indicates he spent

4    over eight months in administrative segregation.  Assuming that plaintiff's time in administrative

5    segregation was a result of his disciplinary, he has failed to demonstrate he was subject to an

6    atypical and significant hardship.  See Anderson v. County of Kern, 45 F.3d 1310, 1315 (9th Cir.

7    1995) ("there is no liberty interest in remaining in the general population" (citation omitted));

8    May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) ("administrative segregation falls within the

9    terms of confinement ordinarily contemplated by a sentence" (citation omitted)).  Furthermore,

10   with respect to plaintiff's claim that he was denied a witness, he once again provides no facts

11   regarding the witness's identity or expected testimony.  As to the video evidence, it is unclear

12   what exculpatory value it would have held, as plaintiff himself alleges the assault took place in a

13   blind spot.  Finally, to the extent plaintiff claims Romney denied him assistance by botching the

14   investigative report, he has not explained what was wrong with the report or shown that he was

15   illiterate or the matter was complex such that he was entitled to assistance.

16          C.  Legal Mail

17          Under federal law, "legal mail" entitled to First Amendment protection is narrowly

18   defined as confidential correspondence between a prisoner and his attorney.  See Keenan v. Hall,

19   83 F.3d 1083, 1094 (9th Cir. 2014) ("Mail from the courts, as contrasted to mail from a prisoner's

20   lawyer, is not legal mail.").  The Ninth Circuit "recognize[s] that prisoners have a protected First

21   Amendment interest in having properly marked legal mail opened only in their presence."  Hayes

22   v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

23          The complaint states that the legal mail opened outside plaintiff's presence related to this

24   case.  Since plaintiff is not represented by counsel, the allegations are insufficient to state a claim

25   for relief because he has not demonstrated that the mail that was opened qualified as legal mail

26   under the First Amendment.  Plaintiff also fails to identify the individual responsible for opening

27   his mail or to allege facts demonstrating that the isolated incident was intentional, rather than an

28   accident.  See Hayes, 849 F.3d at 1216 ("[T]he mail clerk who accidentally opens legal mail,

                                                        6

1   seals it up, and notes 'opened by mistake, and not read' has not violated the First Amendment,

2   even if the prisoner-recipient is unhappy to receive his mail in that format.").  Plaintiff has

3   therefore failed to state a claim for relief based upon the opening of his legal mail outside his

4   presence.

5           D.  Personal Involvement and Official Capacity Claims

6           "Liability under § 1983 must be based on the personal involvement of the defendant,"

7   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

8   164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

9   rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

10  (citations omitted).  Plaintiff does not make any allegations against Lynch and Tran and therefore

11  fails to state any claims against these defendants.

12          To the extent he is seeking injunctive relief from Tran and Lynch in their official

13  capacities, the requested relief relates to his legal mail claim, which fails to state a claim for

14  relief.  ECF No. 18 at 18.  Plaintiff also fails to explain how Tran is an appropriate individual to

15  provide the injunctive relief he seeks.  Id.  Finally, while plaintiff identifies Lynch as the warden,

16  he does not allege facts demonstrating that the single incident with his legal mail was the result of

17  a correctable policy or failure to train or supervise such that injunctive relief would be an

18  appropriate remedy.

19          E.  Property

20          The unauthorized deprivation of property by a prison official, whether intentional or

21  negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation

22  remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and "California Law provides an adequate

23  post-deprivation remedy for any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17

24  (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  Plaintiff's due process claim

25  based upon Doe defendants damaging his television therefore fails to state a claim for relief.  He

26  further fails to state a claim for retaliation because he has made only a conclusory assertion that

27  the damage to his television was motivated by his filing of appeals.  See Rhodes v. Robinson, 408

28  F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took

1  adverse action against plaintiff because of his protected conduct and that the action chilled

2  plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal).  There are

3  no facts to support this conclusion.

4        V.      Leave to Amend

5         For the reasons set forth above, the court finds that the complaint states excessive force

6  and equal protection claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers; a claim

7  for failure to protect against Hood; and claims for deliberate indifference against Bergado, Curtis,

8  and Tyler.  The complaint does not state any other cognizable claims.  However, it appears that

9  plaintiff may be able to allege facts to remedy this and he will be given one final opportunity to

10  amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendants Jiminez,

11  Gonzalez, Tuyen, Bowman, Humphers, Hood, Bergado, Curtis, and Tyler on his cognizable

12  claims or he may delay serving any defendant and amend the complaint.

13         Plaintiff will be required to complete and return the attached notice advising the court how

14  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

15  file an amended complaint.  If plaintiff elects to proceed on his cognizable claims against

16  defendants Jiminez, Gonzalez, Tuyen, Bowman, Humphers, Hood, Bergado, Curtis, and Tyler

17  without amending the complaint, the court will proceed to serve the complaint.  A decision to go

18  forward without amending the complaint will be considered a voluntarily dismissal without

19  prejudice of all other claims and defendants.

20         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

21  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

22  423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

23  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

24  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

26  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

27  participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

28  268 (9th Cir. 1982) (citations omitted).

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

2    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

3    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

5    1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

6    Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

7    in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

8    any prior complaints no longer serve any function in the case.  Therefore, in an amended

9    complaint, as in an original complaint, each claim and the involvement of each defendant must be

10   sufficiently alleged.

11        VI.   Motion for Appointment of Counsel

12        Plaintiff has requested the appointment of counsel.  ECF No. 19.  The United States

13   Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

14   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

15   certain exceptional circumstances, the district court may request the voluntary assistance of

16   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

17   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

18        "When determining whether 'exceptional circumstances' exist, a court must consider 'the

19   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

20   pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

21   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

22   of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

23   most prisoners, such as lack of legal education and limited law library access, do not establish

24   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

25        Plaintiff requests appointment of counsel on the grounds that he is indigent and there is a

26   threat to his personal property interests.  ECF No. 19.  Neither of these are extraordinary

27   circumstances warranting the appointment of counsel, and as addressed above, plaintiff's property

28   claim is not cognizable.  To the extent plaintiff alleges that he is being targeted for brining

9

lawsuits, he fails to provide any specific details that demonstrate the need to appoint counsel. Because plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel, the motion will be denied.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not.  You have sufficiently alleged (1) excessive force and equal protection claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers; (2) a failure to protect claim against Hood; and (3) deliberate indifference claims against Bergado, Curtis, and Tyler.  You have not alleged sufficient facts to state any other  claims for relief.

You have a choice to make.  You may either (1) proceed immediately on the three categories of claims against defendants Jiminez, Gonzalez, Tuyen, Bowman, Humphers, Hood, Bergado, Curtis, and Tyler identified above and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all other claims and defendants. If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the second amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for appointment of counsel (ECF No. 19) is DENIED.

2.   Plaintiff has stated excessive force and equal protection claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers; a failure to protect claim against Hood; and deliberate indifference claims against Bergado, Curtis, and Tyler.  The complaint does not state any other claims for which relief can be granted.

3.   Plaintiff has the option to proceed immediately on his cognizable claims, as set forth above, or to amend the complaint.

4.   Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the excessive force and equal protection claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers; failure to protect claim against Hood; and deliberate indifference claims against Bergado, Curtis, and Tyler.

DATED: October 17, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7                                  UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10     IVORY LEWIS DOWNS, JR,                          No.  2:22-cv-1021 AC P

11                    Plaintiff,

12          v.                                          NOTICE OF ELECTION

13     M. JIMINEZ et al.,

14                    Defendants.

15

16          Check one:

17     _____  Plaintiff wants to proceed immediately on his (1) excessive force and equal protection

18          claims against Jiminez, Gonzalez, Tuyen, Bowman, and Humphers; (2) failure to protect

19          claim against Hood; and (3) deliberate indifference claims against Bergado, Curtis, and

20          Tyler without amending the complaint.  Plaintiff understands that by going forward

21          without amending the complaint he is voluntarily dismissing without prejudice all other

22          claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

23

24     _____  Plaintiff wants to amend the complaint.

25

26     DATED:_____

27                                                 _____
                                                   IVORY LEWIS DOWNS, JR,
28                                                 Plaintiff pro se

                                                   1