UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY LEWIS DOWNS, JR, | No. 2:22-cv-1021 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. JIMINEZ et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law and has filed a second amended complaint. ECF No. 28. Also before the court is plaintiff's motion to appoint counsel and for a temporary restraining order. ECF No. 29.

I. Second Amended Complaint

A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

1  superseded by statute on other grounds as stated in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir.
2  2000).
3        In order to avoid dismissal for failure to state a claim a complaint must contain more than
4  "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a
5  cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 557 (2007).  In other words,
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
7  statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A claim upon which the
8  court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial
9  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
10 inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citation
11 omitted).  When considering whether a complaint states a claim, the court must accept the
12 allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam), and construe the
13 complaint in the light most favorable to the plaintiff, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421
14 (1969) (citations omitted).
15       B.  <u>Factual Allegations</u>
16       The complaint alleges that defendants Tyuen, Humphers, Jiminez, Bowman, Gonzalez,
17 Houghland, Romney, Stanfield, Hood, Tyler, Bergado, Lynch, Curtis, Williamson, Zavala, Stone,
18 and Does 1-3 violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments and
19 state tort law.  ECF No 28.
20       Plaintiff alleges that on August 7, 2020, defendants Jiminez, Gonzalez, Tyuen, Bowman,
21 and Humphers escorted him to a blind spot where they assaulted him while he was handcuffed
22 and in leg shackles in retaliation for plaintiff talking to another inmate.  <u>Id.</u> at 3-5, 14-15, 28-30.
23 During the assault they made mocking references to George Floyd and the Black Lives Matter
24 movement.  <u>Id.</u> at 3, 30.  Stanfield, a supervisor, was aware that Jiminez and Tyuen regularly used
25 excessive force against inmates but turned a blind eye and was present during the assault on
26 plaintiff but failed to intervene.  <u>Id.</u> at 19, 23-24.  After the assault, plaintiff was placed back into
27 the holding cell and Hood ignored him when plaintiff asked to adjust his cuffs despite the fact that
28 the handcuffs were causing plaintiff's wrists to bleed.  <u>Id.</u> at 4-5, 31.  As a result of the assault

1  and refusal to adjust the handcuffs, plaintiff suffered from a swollen jaw, skin missing on the side
2  of his face, and cuts on his wrists. Id. at 32-33. Despite plaintiff's clear injuries, Bergado, a
3  nurse, refused to provide plaintiff treatment or record his injuries. Id. at 6-7, 31. Supervisory
4  officials then conspired to cover up the violation of plaintiff's rights by fabricating charges
5  against him and Williamson put him in administrative segregation based on those false charges.
6  Id. at 15, 19, 23-24. Plaintiff further alleges that Stanfield and Doe 3 were both responsible for
7  training officers on the use of force and failed to provide adequate training despite being aware of
8  the rampant excessive force being used by officers. Id. at 24-25.

9  On August 18, 2020, plaintiff was in medical distress and attempted to receive emergency
10 medical attention. Id. at 8-9, 15, 34. Defendant Curtis responded but refused to allow plaintiff to
11 receive medical treatment, which caused plaintiff to suffer unnecessary pain and his condition to
12 get worse. Id.

13 On September 11, 2020, plaintiff had a disciplinary hearing on charges of battery on a
14 peace officer that appear to be related to the incident on August 7, 2020. Id. at 10-13, 35-38.
15 Houghland conducted the disciplinary hearing and denied plaintiff's request to call an inmate who
16 had witnessed the incident and refused to watch the surveillance video that showed plaintiff did
17 not assault anyone. Id. He was also not given a written explanation as to why he was found
18 guilty. Id. at 37-38. In preparation for the hearing, Romney, who was assigned as an
19 investigative employee, altered the witness's responses to plaintiff's written questions. Id. at 11-
20 12, 36. Plaintiff was found guilty and lost good time credits. Id. at 12, 38.

21 On November 20, 2020, Stone, Zavala, and Doe 1 damaged plaintiff's television in
22 retaliation for appeals he filed, and Lynch denied plaintiff's grievance about his broken television
23 and was responsible for his "unfavorable classification." Id. at 16-17, 39-40. Plaintiff further
24 alleges that in the six months following the August 7, 2020 assault, unspecified officers subjected
25 him to various forms of retaliation—including stealing and damaging his property and writing
26 him up for a false disciplinary based on the assault—for filing appeals and talking to inmates the
27 officers did not like. Id. at 14-18, 34-35, 39-40.
28 ////

Additionally, between November 2020 and January 2021, Tyler ignored plaintiff's numerous requests for treatment of injuries he received to his wrist on August 7, 2020. Id. at 20-21, 42-43. When plaintiff was finally seen by medical, it was determined that he required surgery. Id.

Finally, plaintiff alleges that between May 2021 and September 2023, he was subject to various mail violations that interfered with his civil litigation and habeas petition and that Doe 2, a mailroom supervisor, allowed the violations to continue. Id. at 22, 44-48.

### C. Claims for Which a Response Will Be Required

#### i. Excessive Force, Failure to Protect, Negligence, and Assault and Battery

Plaintiff has stated cognizable claims for excessive force and negligence against defendants Jiminez, Gonzalez, Tyuen, Bowman, and Humphers. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)). For the same reasons that plaintiff has stated a claim for excessive force, he also states claims for assault and battery against these defendants. See So v. Shin, 212 Cal. App. 4th 652, 668-69 (2013) (citation omitted) (setting out elements for causes of action for assault and battery).

Plaintiff has also stated claims for failure to protect and negligence against Hood for refusing to adjust his handcuffs and against Stanfield for failing to intervene in the use of force. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm); Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998) (elements of negligence are duty to use reasonable care, breach of duty, and breach is the proximate cause of plaintiff's injury); Giraldo v. Cal. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 252 (2008) ("jailers owe prisoners a duty of care to protect them from foreseeable harm").

#### ii. Failure to Train or Supervise

Plaintiff states a claim for failure to train or supervise against Stanfield and Doe 3 based on their failure to provide adequate training or otherwise address the allegedly rampant use of force by officers. See Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) ("[T]he inadequacy of . . . training may serve as a basis for liability under section 1983 . . . 'only where

1  the failure to train amounts to deliberate indifference to the rights of persons with whom the
2  [subordinates] come into contact.'" (citation omitted)).  Accordingly, these defendants will be
3  required to respond to these allegations in the complaint.
4       Plaintiff has also stated a claim for failure to train or supervise against Doe 2, whom he
5  identifies as the mailroom supervisor, which led to interference with his access to the courts and
6  improper handling of his legal mail.  The allegations are sufficient to establish that the
7  mishandling of legal mail was prevalent enough that the supervisor would have been aware that
8  mailroom staff required additional training or supervision and that absence of such training or
9  supervision was leading to the violation of prisoner's rights.

          iii.   Equal Protection

11  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment
12  from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974)
13  (citation omitted).  To state a claim for violation of the Equal Protection Clause, "a plaintiff must
14  show that the defendants acted with an intent or purpose to discriminate against the plaintiff based
15  on membership in a protected class."  Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013)
16  (citation and internal quotation marks omitted).  Plaintiff's allegations that Jiminez, Gonzalez,
17  Tyuen, Bowman, and Humphers made racist remarks during their assault on plaintiff are
18  sufficient to support an inference that these defendants' conduct was racially motivated, and they
19  will be required to respond to the complaint.

          iv.   Medical Deliberate Indifference and Negligence

21  Plaintiff has sufficiently alleged facts to state claims for deliberate indifference to his
22  serious medical needs against Bergado, Curtis, and Tyler, see Jett v. Penner, 439 F.3d 1091, 1096
23  (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to
24  respond to plaintiff's pain or medical need and harm cause by indifference); Hutchinson v. United
25  States, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison
26  officials deny, delay or intentionally interfere with medical treatment" (citation omitted)).  He has
27  also stated a claim for negligence against Curtis and for professional negligence against Bergado
28  ////

and Tyler.[1]  See Mendoza, 66 Cal. App. 4th at 1339 (outlining elements of negligence); Giraldo, 168 Cal. App. 4th at 252 ("jailers owe prisoners a duty of care to protect them from foreseeable harm"); Cal. Civ. Proc. Code § 340.5(2) (defining professional negligence as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury").  These defendants will be required to respond to these claims.

### v. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including the opportunity to call witnesses and present evidence and a written statement of the reasons for the action.  See id. at 564, 566, 570 (outlining required procedural protections).  In this case, plaintiff alleges that he lost good time credits and that Houghland denied him the ability to call a witness or submit video evidence and did not provide him a written statement of the reasons for the action.  He has therefore stated a due process claim against Houghland, who will be required to respond.

### D. Failure to State a Claim

#### i. Disciplinary

Plaintiff's claim that Romney denied him due process in his disciplinary hearing when he altered the witness's responses does not state a claim.  There is no right to be free from falsified documentation in the prison disciplinary context, see Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."); and plaintiff has not shown that he was illiterate or the matter was complex such that he was entitled to assistance, see Wolff, 418 U.S. at 570 (inmate is entitled to assistance where matters are complex or they are illiterate).

////

---

[1] Bergado and Tyler are identified as nurses, while Curtis is identified as a correctional officer.  ECF No. 28 at 2.

### ii. Administrative Segregation

Plaintiff fails to state a due process claim against Williamson for putting him in administrative segregation based on false charges that were fabricated by other officials because there is no indication that Williamson knew the charges were false or that he denied plaintiff any of the limited due process protections required when placing an inmate in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 472 (1983) (placement in administrative segregation requires notice of charges and opportunity for prisoner to present his views within a reasonable time after confinement), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

### iii. Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process inmate grievances in any specific way, and Lynch's denial of plaintiff's grievance therefore fails to state a due process violation. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

### iv. Retaliation

Plaintiff fails to state a claim for retaliation against Stone, Zavala, Doe 1, or Lynch because he makes only a conclusory assertion that their conduct was motivated by his filing of appeals. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal). There are no facts to support this conclusion. To the extent

1  plaintiff claims that the disciplinary charge was retaliatory because it was issued shortly after he
2  filed an excessive force grievance, he does not identify any defendant as being responsible for
3  issuing the disciplinary charge and therefore fails to state a claim for retaliation against any
4  defendant on that ground. Plaintiff's allegation that the assault by Jimenez, Gonzalez, Tyuen,
5  Bowman, and Humphers was retaliatory also fails to state a claim for relief because he claims it
6  was in retaliation for talking to an inmate they did not like, which is not protected conduct.

                v.   Property

       The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and "California Law provides an adequate post-deprivation remedy for any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Plaintiff's due process claim based upon Stone, Zavala, and Doe 1 damaging his television therefore fails to state a claim for relief.

          E.   Conclusion

       Plaintiff has stated claims for (1) excessive force, assault and battery, and discrimination against Jiminez, Gonzalez, Tyuen, Bowman, and Humphers; (2) failure to protect and negligence against Hood and Stanfield; (3) failure to train or supervise against Stanfield and Does 2 and 3; (4) deliberate indifference and professional negligence against Bergado and Tyler; (5) deliberate indifference and negligence against Curtis; and (6) due process violations against Houghland. He has not stated any other viable claims for relief against these defendants or any claims against defendants Romney, Williamson, Stone, Zavala, Lynch, and Doe 1.

       E-service on defendants Jiminez, Gonzalez, Tyuen, Bowman, Humphers, Hood, Stanfield, Bergado, Tyler, Curtis, and Houghland will be directed by separate order. However, while plaintiff has stated a claim against Does 2 and 3, due to the impossibility of serving unknown individuals, the court will not order service on Doe defendants until plaintiff has identified them and filed a motion to substitute a named defendant for the Doe defendants. Plaintiff should seek to discover the identity of the Doe defendants and move to substitute them into the case as soon

as is possible. Failure to identify the Doe defendants and serve them prior to the close of discovery will result in a recommendation that the claims against them be dismissed.

### F. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide. Given the level of factual detail, clarity, and precision with which plaintiff has set forth his claims, it is clear that he has presented all pertinent facts known to him. Considering the nature of plaintiff's previous filings and the detail provided in the second amended complaint, the undersigned is convinced that further leave to amend would not result in additional cognizable claims. Moreover, given the current complaint is over fifty pages long, leave to amend would likely result in a complaint that violates Rule 8. Accordingly, the undersigned finds that further leave to amend would be futile and the claims and defendants identified above should be dismissed without leave to amend.

## II. Motion for Temporary Restraining Order and Appointment of Counsel

Plaintiff has also requested a temporary restraining order alleging that he is being housed around the officers he is suing in this case, and they are interfering with his legal property and access to the courts. ECF No. 29. However, plaintiff has since been transferred to another prison. ECF No. 35 (transfer to Kern Valley State Prison). There is no indication that plaintiff has continued to be subject to the conditions alleged since his transfer or that he has any reasonable expectation of returning to the prison where defendants work. The motion should therefore be denied as moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir.

1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]" (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

Plaintiff's motion also requests the appointment of counsel on the grounds he is facing retaliation while at the prison where defendants work. ECF No. 29 at 4. Since plaintiff has transferred prisons and there is no indication that he is experiencing the same difficulties at his current institution, the motion for counsel will be denied.

### III. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have sufficiently alleged claims for (1) excessive force, assault and battery, and discrimination against Jiminez, Gonzalez, Tyuen, Bowman, and Humphers; (2) failure to protect and negligence against Hood and Stanfield; (3) failure to train or supervise against Stanfield and Does 2 and 3; (4) deliberate indifference and professional negligence against Bergado and Tyler; (5) deliberate indifference and negligence against Curtis; and (6) due process violations against Houghland. It is being recommended that all other claims for relief against these defendants and all claims against defendants Romney, Williamson, Stone, Zavala, Lynch, and Doe 1 be dismissed without leave to amend because it does not look like you will be able to state claims for which relief can be granted even if you are given another chance to amend the complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 29) is DENIED.

2. The allegations of the second amended complaint state claims for (1) excessive force, assault and battery, and discrimination against Jiminez, Gonzalez, Tyuen, Bowman, and Humphers; (2) failure to protect and negligence against Hood and Stanfield; (3) failure to train or supervise against Stanfield and Does 2 and 3; (4) deliberate indifference and professional negligence against Bergado and Tyler; (5) deliberate indifference and negligence against Curtis; and (6) due process violations against Houghland. Service is appropriate for these defendants.

////

  3. E-service on defendants Jiminez, Gonzalez, Tyuen, Bowman, Humphers, Hood, Stanfield, Bergado, Tyler, Curtis, and Houghland will be directed by separate order. Plaintiff should not complete service paperwork for these defendants unless ordered to do so by the court.

  4. The Clerk of the Court shall randomly assign a United States District Judge to this action.

    IT IS FURTHER RECOMMENDED that:

  1. All other claims against defendants Jiminez, Gonzalez, Tyuen, Bowman, Humphers, Hood, Stanfield, Bergado, Tyler, Curtis, and Houghland and all claims against defendants Romney, Williamson, Stone, Zavala, Lynch, and Doe 1 be dismissed without leave to amend; and

  2. Plaintiff's motion for a temporary restraining order (ECF No. 29) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.**[2] The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.

11