UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY LEWIS DOWNS, JR., | No. 2:22-cv-1021 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. JIMINEZ, et al., | |
| Defendants. | |

Plaintiff has submitted a letter to the court stating that he filed objections to the March 10, 2023 findings and recommendations even though the order adopting the findings and recommendations states that he did not. ECF No. 45. He requests appointment of counsel on the grounds that he believes the mail room did not send out his mail and that he has had continuing issues with mail. Id. Accordingly, the letter is construed as a motion for appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

1

*pro se* in light of the complexity of the legal issues involved.'" <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Although the order adopting the findings and recommendations states that plaintiff did not file objections (ECF No. 42), the court did receive plaintiff's objections to the findings and recommendations on April 1, 2025. Since plaintiff's request for counsel is based primarily on his belief that his objections were not received by the court, the request for counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 45) is DENIED.

DATED: April 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE