UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY LEWIS DOWNS, JR., | No. 2:22-cv-1021 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. JIMINEZ, et al., | |
| Defendants. | |

Plaintiff has filed a motion for a third, thirty-day extension of the deadline to serve discovery requests in which he also requests the appointment of counsel. ECF No. 71.

Good cause appearing, the request for an extension of time will be granted, but plaintiff is cautioned that no further extensions of time will be granted absent a showing of extraordinary circumstances. The deadlines for the filing of motions to compel and completion of discovery will also be extended.

With respect to the request for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is having difficulty completing discovery and is unable to obtain certain documents because they are restricted for security reasons.  ECF No. 71 at 3.  These are common circumstances for prisoners, and plaintiff has therefore not shown the existence of extraordinary circumstances warranting the appointment of counsel.  Plaintiff is advised that he is free to file a motion to compel if defendants have refused to produce documents in response to his requests for production.  Any such motion must include the request, defendants' response to the request, and an explanation as to why plaintiff believes defendants' response is not sufficient.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 71) is GRANTED.

2. The parties may conduct discovery until **March 23, 2026**.  Any motions necessary to compel discovery shall be filed by **March 23, 2026**.  All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **January 21, 2026**.

3. Plaintiff's request for the appointment of counsel (ECF No. 71), is DENIED.

DATED: December 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2